GRUENDER, Circuit Judge,
concurring.
I fully concur in the court’s opinion and judgment. I write separately to emphasize that our decision today should not be construed as an invitation to every participant in a heavily regulated industry to claim that it, like Philip Morris, acts at the direction of a federal officer merely because it tests or markets its products in accord with federal regulations. I believe that in most instances, a contract, principal-agent relationship, or near-employee relationship with the government will be necessary to show the degree of direction by a federal officer necessary to invoke removal under 28 U.S.C. § 1442(a)(1). See Virden, 304 F.Supp.2d at 845-46 (collecting cases embodying the “regulation plus” concept, where limited discretion under a government contract, action as an agent for the federal government, or action in the nature of a government employee, in addition to government regulation, supported a defendant’s invocation of the federal officer removal statute).
In this case, as the court’s opinion makes clear, the FTC’s direction and con *864 trol of the testing and marketing practices at issue is extraordinary. The FTC developed the Cambridge Filter Method, conducted the testing itself for twenty years before farming it out to the cigarette companies, threatened a deceptive advertising action if the method of testing deviated in the smallest way from the government-mandated method and controlled the disclosure of the results throughout. Because the FTC passed the function of performing the testing to the cigarette companies while allowing them no independent control of the process whatsoever, this is a rare case in which federal officer jurisdiction is appropriate even in the absence of a contract, principal-agent relationship, or near-employee relationship with the government.
With these observations, I join the court’s opinion and judgment.